IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERRY HUMMELL, as Personal
Representative of the Estate of
Lance Hummell,

        Plaintiff,

vs.                                                                              Cause No.  2011-CV-00765

HORACIO RIVERA and DENNIS CAMP,
Individually and In Their Official Capacity As
Members of the Las Cruces Police Department,
and THE CITY LAS CRUCES,

        Defendants.

COMPLAINT FOR WRONGFUL DEATH, AND PUNITIVE DAMAGES
ARISING FROM VIOLATIONS OF DECEDENT'S CONSTITUTIONAL RIGHTS, AND
VIOLATION OF THE INSPECTION OF PUBLIC RECORDS ACT

      COMES NOW Plaintiff, by and through his counsel of record, and offers the following as his Complaint against the Defendants herein.

      1.     Plaintiff is a resident of the State of Minnesota.  He is the father of decedent Lance Hummell.  Pursuant to the provisions of the New Mexico Wrongful Death Act, he asks that this Court designate him as the personal representative of the decedent's estate for the sole purpose of pursuing this action.

      2.     Defendants Horacio Rivera and Dennis Camp are current and/or former employees of the Las Cruces Police Department. On information and belief these Defendants are residents of Dona Ana County.  These Defendants are sued in their individual and official capacities.

      3.     Defendant City of Las Cruces is a municipal corporation organized and existing

under the laws of the State of New Mexico. This defendant owns and operates the Las Cruces Police Department and, through it, employs and supervises Defendants Rivera and Camp.

4. On July 13, 2010, Defendants Rivera and Camp were dispatched to decedent's apartments to investigate a complaint that a man was walking around carrying a sword.

5. When Defendants Rivera and Camp arrived, they located decedent who was standing approximately thirty five feet away holding some type of sword. It was, or should have been reasonably apparent to both of them that decedent was operating under impaired mental status. Additionally, the Las Cruces Police Department had actual knowledge of Mr. Hummell's history of mental impairment.

6. Defendant Rivera was armed with an assault rifle. Defendant Camp was armed with a hand gun. They trained their weapons on the decedent and ordered him to drop the sword.

7. Before the decedent could react in any way to the verbal command, Defendant Rivera shot the decedent. Defendant Camp may also have fired on decedent.

8. At the time decedent was shot he did not pose a legitimate threat of imminent harm to anyone other than possibly himself. Decedent was not rushing or closing distance between himself and the officers. No one will ever know whether decedent would have obeyed the verbal commands as he was shot approximately one second later.

9. After shooting the decedent, Defendants Rivera and Camp did not make any effort to administer first aid. They watched him lay on the ground and die.

### COUNT I: CONSTITUTIONAL VIOLATIONS WHICH CAUSED THE DEATH OF LANCE HUMMELL

10. Plaintiff reasserts and realleges all allegations set forth above.

11.     In July, 2010, it was clearly established law that reasonably well trained and qualified law enforcement officers should use the minimum amount of force necessary to perform their duties under all circumstances and it was clearly established that all persons have a constitutional right to be free from the use of deadly force by law enforcement officers unless deadly force is required to prevent an immediate threat of death or serious bodily harm.

12.     Defendants Rivera and Camp had a constitutional obligation under the Fourth, Fifth and Fourteenth Amendments not to use deadly force in attempting to investigate the incident they were called in on unless they reasonably believed that lethal force was immediately necessary to prevent Mr. Hummell from killing or causing serious bodily harm to himself, the Defendants, or another person.

13.     Defendant Rivera and Camp had a constitutional obligation under clearly established law to attempt non-lethal means of investigating the report received regarding a man carrying a sword (which is not a crime), and to attempt non-lethal means of securing Mr. Hummell's compliance with their commands.  These means included, but are not limited to, non-lethal weapons and restraint devices, advanced or crisis intervention and negotiation tactics, and giving Mr. Hummell some time to comply with their commands before shooting him dead.

14.     The decision by Defendants to execute Mr. Hummell before they had attempted any non-lethal means of conducting their investigation was a violation of his Fourth, Fifth and Fourteenth Amendment rights as secured by the Constitution of the United States.  This shooting caused Plaintiff's damages as set forth below.

15.     Defendant Rivera and Camp had a constitutional obligation under clearly established law to make reasonable efforts to use basic life saving techniques to save Mr.

Hummell's life after he was shot.  Their decision to stand and watch him die without attempting to save him or call immediately for medical assistance was a violation of his Fourth, Fifth and Fourteenth Amendment rights as secured by the Constitution of the United States.   These failures caused Plaintiff's damages as set forth below.

COUNT II: TORT CLAIMS AGAINST ALL DEFENDANTS

16. Plaintiff reasserts and realleges all allegations set forth above.

17. The decision of Defendants Rivera and Camp to use deadly force under the circumstances was grossly negligent.  As a result, they and the City of Las Cruces are liable for the injuries and damages caused as a result of Mr. Hummell's death pursuant to the provisions of the New Mexico Tort Claims Act.  Additionally, the failure of Defendants Rivera and Camp to render any medical assistance or call for the same was grossly negligent and contributed to Mr. Hummell's death. .  As a result, they and the City of Las Cruces are liable for the injuries and damages caused as a result of Mr. Hummell's death pursuant to the provisions of the New Mexico Tort Claims Act.

COUNT III: SUPERVISORY LIABILITY CLAIMS AGAINST THE CITY OF LAS CRUCES<br>AND SPOLIATION OF EVIDENCE

18. Plaintiff reasserts and realleges all of the allegations set forth above.

19. The constitutional deprivations committed by the individual Defendants were the result of the policies, practices and procedures of the Las Cruces Police Department.  Specifically, for many years the Las Cruces Police Department has known of numerous, and often lethal, applications of lethal force by its officers.   In each and every instance known, the officers are never disciplined and are never given any additional training to prevent or discourage

their conduct.

20.     Defendant Rivera, for example, shot and killed Mr. Mike Molina of Las Cruces, New Mexico, some years before.  He was never disciplined or prosecuted.  The settlement agreement reached in this Court before the Honorable Carmen Garza, United States Magistrate Judge, in 2009, included an agreement by Defendant City of Las Cruces to immediately require all law enforcement officers to make audio recordings of all encounters with suspects.  This agreement was never implemented by the City.  Its failure to abide by this agreement resulted in the spoliation of critical evidence in this case

21.     The City of Las Cruces hired an independent consulting firm which conducted a complete review of its department.  This review, which was completed approximately three (3) years ago and presented to the City, found numerous deficiencies in the Las Cruces Police Department's policies, procedures and training.   On information and belief, none of the suggested changes and improvements contained within this study were ever implemented by the Las Cruces Police Department.

22.     With respect to Plaintiff's claims of constitutional deprivation, Defendant City of Las Cruces is vicariously liable for all of the actions of the individual Defendants.  With regard to Plaintiff's tort claims, Defendant City of Las Cruces is subject to vicarious liability as a matter of New Mexico law and the New Mexico Tort Claims Act.  With respect to Plaintiff's spoliation of evidence claims, Defendant City of Las Cruces is directly responsible for its failure to comply with the terms of the *Estrada* settlement, and the Court should hold all inferences that could have resulted from properly preserved evidence against the Defendants as a matter of law.

COUNT IV:   PUNITIVE DAMAGES AGAINST THE INDIVIDUAL DEFENDANTS WITH REGARD TO THE PLAINTIFF'S CONSTITUTIONAL CLAIMS

23.     Plaintiff reasserts and realleges all of the allegations set forth above.

24.     The acts and omissions of the individual Defendants, as set forth above, exhibited a willful, wanton, deliberate and despicable indifference to the constitutional rights of Lance Hummell, such that an award of punitive damages should be awarded against them in an amount sufficient to deter such conduct and to punish them for their acts.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment in his favor against the Defendants as follows:

1.     Loss of earnings and lost earning capacity, lost enjoyment of life, pain and suffering and funeral expenses incurred on behalf of the late Lance Hummell;

2.     Loss of parental guidance and counseling, mental and emotional distress and loss of enjoyment of life;

3.     Punitive damages against the individual Defendants;

4.     For enhanced damages pursuant to the New Mexico Wrongful Death Act due to the aggravating circumstances surrounding the execution of Lance Hummell.

Additionally, Plaintiff seeks an award of attorney's fees pursuant to 42 U.S.C. §1981, 1982 and 1983 (directly and as enabling statutes for Plaintiff's constitutional claims). Additionally, Plaintiff seeks an order from this Court directing that the City of Las Cruces' failure to abide by the terms of the settlement agreement which was entered into before this Court in the *Estrada* litigation.   Additionally, Plaintiffs seek pre- and post-judgment interest, injunctive relief, and such further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF JAMES P. LYLE, P.C.
"Electronically Signed"

/s/   JAMES P. LYLE, ESQUIRE
James P. Lyle
Attorney for Plaintiff
1116 Second Street, N.W.
Albuquerque, NM 87102
(505) 843-8000 (Telephone)
(505) 843-8043 (Facsimile)
pennname@prodigy.net