## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GERRY HUMMELL,
*as personal representative of the*
*Estate of Lance Hummell*

      Plaintiff,

v.                              CIV 11-765 GBW/WPL

HORACIO RIVERA, CITY OF
LAS CRUCES,

      Defendants.

## <u>ORDER</u>

This matter is before the Court on Plaintiff's Motion for Admission of Testimony Regarding Plaintiff's Expert Robert Jones.  *Doc. 104.*  Having reviewed Plaintiff's motion, the Court will DENY it.

At trial on April 9, 2013, Plaintiff attempted to offer the opinion of his proffered expert on whether the Las Cruces Police Department had permitted a pattern and practice of excessive force.  In addition to their previously lodged objections regarding Mr. Jones' expertise, Defendants objected to the admission of this particular opinion contending that it was not properly noticed under Fed. R. Civ. P. 26.  In oral argument on the issue, Plaintiff's counsel conceded that this opinion had not been included in his Rule 26 disclosures.  Consequently, the Court excluded Mr. Jones' opinion on the issue.  Plaintiff has filed this motion to reconsider that ruling.  *Doc. 104.*

In his motion, Plaintiff contends that he was mistaken when he made the above concession.  To the contrary, he states that "Mr. Jones' opinions on this subject were timely disclosed with his Rule 26 Expert Report."  *Id*. at 1.  To demonstrate that this opinion was properly noticed, counsel points to paragraphs 13 and 14 of Mr. Jones' report.[1]  *Id*. at 2. Those paragraphs state as follows:

> 13.    I reviewed material that was supplied from the Professional Standards Unit of the Las Cruces Police Department.  Officer Rivera has had 24 use of force complaint [sic] against him, which is an extremely high number of complaints. This is his 3rd Police Officer involved shooting in a 9 year career.
>
> 14.    Officer Camp has 8 use of force complaints against him in his career and this is his 1st Officer involved shooting in which he was directly involved.

*Id*., Ex. 1 at 2.

Rule 26 requires that an expert report contain *inter alia* "a complete statement of all opinions the witness will express and the basis and reasons for them.  Fed. R. Civ. P. 26(a)(2)(B).  Nowhere in paragraphs 13 or 14 does Mr. Jones express any opinion beyond perhaps that "24 use of force complaint[s]" is an extremely high number.

As to the causes of action against Defendant Rivera for excessive force and negligence, Mr. Jones' opinion of whether the number of complaints against Officer Rivera is high would be inadmissible propensity evidence.  *See* Fed. R. Evid. 404.  Admittedly, the prior behavior of Las Cruces police officers could be used to establish that the City of Las Cruces had a

---

[1] At oral argument, Plaintiff's counsel also contended that the fact that this opinion was discussed during Mr. Jones' deposition satisfied the Rule 26 disclosure requirement.  This position is contrary to Rule 26 and has been rejected.  *See Ciomber v. Coop Plus, Inc*., 527 F.3d 635, 642 (7th Cir. 2008) (*cited with approval in Scholl v. Pateder*, 2011 WL 3684779, *3 (D. Colo. 2011); *see also Vision Center Northwest, LLC v. Vision Value*, LLC, 2009 WL 529609, *1 (N.D. Ind. 2009) ("[a]llowing parties to cure a deficient report with later depositions would further undermine a primary goal of Rule 26(a)(2)...."

pattern and practice of ignoring excessive force violations such that their failure to train/discipline "reflects a 'deliberate' or 'conscious' choice," that is, a "policy." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).  However, Mr. Jones' simple statement that the complaints against Defendant Rivera were "extremely high" is far from sufficient under Rule 26 to put Defendants on notice that he was going to offer an opinion that the City of Las Cruces had a pattern and practice as described above.

Therefore, the Court will DENY Plaintiff's motion to reconsider.  Mr. Jones' "pattern and practice" opinion will not be admitted or considered.


**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**